**Albern SPOOLSTRA, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 07–35333.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 2008.

Filed Oct. 29, 2008.

Ronald Blewett, Esquire, Jonathan David Hally, Law Offices of Clark and Feeney, Lewiston, ID, for Plaintiff–Appellant.

Deborah A. Ferguson, Assistant U.S., Nick Woychick, Esquire, Office of the U.S. Attorney, Boise, ID, for Defendant–Appellee.

Before: O'SCANNLAIN, RYMER, and KLEINFELD, Circuit Judges.

## MEMORANDUM *

Dr. Albern Spoolstra filed suit under the Quiet Title Act, 28 U.S.C. § 2409a ("QTA"), seeking a declaration that the government abandoned easements over roads on his property, or that the easements are located such that they do not provide public access to Forest Service land over those roads. He appeals an adverse judgment, but we must first be satisfied of jurisdiction before addressing the merits of his QTA suit. *Skranak v. Castenada*, 425 F.3d 1213, 1216 (9th Cir. 2005). We conclude that jurisdiction is lacking; therefore we vacate and remand with instructions to dismiss for lack of jurisdiction.

Spoolstra's predecessors in interest had actual and constructive notice of the government's claim to easements over roads on the property more than twelve years before this action was filed on December 17, 2001. 28 U.S.C. § 2409a(g); *Block v. N.D. ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 292–93, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983); *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1197–98 (9th Cir.2008); *Michel v. United States*, 65 F.3d 130, 132–33 (9th Cir.1995) (citing *California v. Yuba Goldfields, Inc.*, 752 F.2d 393, 394–97 (9th Cir.1985) ("It is sufficient that the deeds constituted a cloud on California's title.")). Both easements were recorded, and the government's use was open, notorious and adverse after 1950 and before 1989. Thus,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

this action was not filed within the period of limitations which, under the QTA, is jurisdictional. *Skranak,* 425 F.3d at 1216; *see also Adams v. United States,* 255 F.3d 787, 796 (9th Cir.2001). Accordingly, the judgment must be vacated and the action dismissed.

VACATED AND REMANDED.

